# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TONDA FERRANDO and DEX MARZANO, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZYNGA, Inc., a Delaware Corporation,<br><br>*Defendant*. | Case No.<br><br>**COMPLAINT—CLASS ACTION**<br><br>**JURY DEMAND** |

Plaintiffs Tonda Ferrando and Dex Marzano bring this case, individually and on behalf of all others similarly situated, against Defendant Zynga, Inc. to enjoin and obtain redress for its operation of illegal online casino games. Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. The Ninth Circuit recently held that a social casino game called Big Fish Casino "constitutes illegal gambling under Washington law." *Kater v. Churchill Downs Inc.*, 886 F.3d 784, 785 (9th Cir. 2018).

2. Zynga owns and operates various social casino games, including Hit It Rich!, Black Diamond Casino, Wizard of Oz Slots, Game of Thrones Slots, and Willy Wonka Slots (altogether the "Zynga Slots").

3. Under *Kater*, Zynga violates Washington law by operating the Zynga slots. Consequently, Plaintiffs, on behalf of themselves and a Class of similarly situated individuals, bring this lawsuit to recover their losses and to obtain other appropriate relief.

## PARTIES

4. Plaintiffs are natural persons domiciled in the state of Washington.

5. Defendant Zynga, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 699 Eighth Street, San Francisco, California 94103. Zynga conducts business throughout this District and Washington State.

## JURISDICTION AND VENUE

6. Federal subject-matter jurisdiction exists under 28 U.S.C. § 1332(d)(2) because (a) at least one member of the Class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (c) none of the exceptions under that subsection apply to this action.

7. The Court has personal jurisdiction over Defendant because Defendant conducts significant business transactions in this District, and because the wrongful conduct alleged occurred in and emanated from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL ALLEGATIONS

**II.     Zynga's Social Casinos Are Illegal Under Washington Law**

9. Consumers visiting the Zynga Slots for the first time are awarded free chips. These free sample chips offer a taste of gambling and are designed to encourage players to get hooked and buy more chips for real money.

10. After they begin playing, consumers quickly lose their initial allotment of chips. Immediately thereafter, Zynga informs them via a "pop up" screen that they have run "Out Of Coins." See Figure 1.



(**Figure 1,** showing Zynga's Hit it Rich!)

11. Concurrently with that warning, Zynga provides an offer to purchase virtual chips at its electronic store where the price for chips ranges from $2.99 to $99.99 or more. Zynga's offer to purchase chips with real money is substantially the same across its various social casino games, on its mobile app, and on Facebook. Once players run out of their allotment of free chips, they cannot continue to play the game without buying more chips for real money.

12. To begin wagering, players select the "bet" that will be used for a spin, as illustrated in Figure 2, which shows one of Zynga's slot machine games in the Hit It Rich! casino. Zynga allows players to increase or decrease the amount he or she can wager and ultimately win (or lose).



(**Figure 2.**)

13. Once a consumer spins the slot machine by pressing the "SPIN" button, no action on his or her part is required. Indeed, none of the Zynga Slots require (or call for) any additional user action.

14. Consumers can continue playing with the chips that they won, or they can exit the game and return at a later time to play because Zynga maintains win and loss records and balances for each consumer. Each time Zynga determines the outcome of a spin, Zynga displays the outcome to the consumer and adjusts the consumer's chip balance. Zynga keeps records of each wager, outcome, win, and loss for every player.

**FACTS SPECIFIC TO PLAINTIFFS**

15. Plaintiff Marzano has purchased and lost more than $100 playing Hit it Rich!

16. Plaintiff Ferrando has purchased and lost more than $100 playing Hit it Rich!

**CLASS ALLEGATIONS**

17. **Class Definition**: Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of a Class of similarly situated individuals, defined as follows:

> **Class**: All persons in the State of Washington who have purchased and lost chips playing Hit It Rich!, Black Diamond Casino, Game of Thrones Slots, Wizard of Oz Slots, Willy Wonka Slots, or other of Zynga's "social casino" games.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents,

successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

18. **Numerosity**: On information and belief, tens of thousands of consumers fall into the definition of the Class. Members of the Class can be identified through Defendant's records, discovery, and other third-party sources.

19. **Commonality and Predominance**: There are many questions of law and fact common to Plaintiffs' and the Class member's claims, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether the Zynga Slots are "gambling" as defined by RCW § 9.46.0237;

    b. Whether Defendant is the proprietor for whose benefit the online casino games are played;

    c. Whether Plaintiffs and each member of the Class lost money or anything of value by gambling;

    d. Whether Defendant violated the Washington Consumer Protection Act, RCW § 19.86.010, *et seq.*; and

    e. Whether Defendant has been unjustly enriched as a result of its conduct.

20. **Typicality**: Plaintiffs' claims are typical of the claims of other members of the Class in that Plaintiffs and the members of the Class sustained damages arising out of Defendant's wrongful conduct.

21. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and Class actions. Plaintiffs' claims are representative of the claims of the

other members of the Class, as Plaintiffs and each member of the Class lost money playing Defendant's games of chance. Plaintiffs also have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to the Class.

22. **Policies Generally Applicable to the Class**: This Class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies that Plaintiffs challenge apply and affect members of the Class uniformly, and Plaintiffs' challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs. The factual and legal bases of Defendant's liability to Plaintiffs and to the other members of the Class are the same.

23. **Superiority**: This case is also appropriate for certification because Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The harm suffered by the individual members of the Class is likely to have been relatively small compared to the burden and expense of prosecuting individual actions to redress Defendant's wrongful conduct. Absent a Class action, it would be difficult for the individual members of the Class to obtain effective relief from Defendant. Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a Class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented. By contrast, a Class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

24. Plaintiffs reserve the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## FIRST CAUSE OF ACTION
## Violations of Revised Code of Washington § 4.24.070
## (On behalf of Plaintiffs and the Class)

25. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

26. Plaintiffs, members of the Class, and Defendant are all "persons" as defined by RCW § 9.46.0289.

27. Washington's "Recovery of money lost at gambling" statute, RCW 4.24.070, provides that "all persons losing money or anything of value at or on any illegal gambling games shall have a cause of action to recover from the dealer or player winning, or from the proprietor for whose benefit such game was played or dealt, or such money or things of value won, the amount of the money or the value of the thing so lost."

28. "Gambling," defined by RCW § 9.46.0237, "means staking or risking something of value upon the outcome of a contest of chance or a future contingent event not under the person's control or influence."

29. Defendant's "chips" and/or "coins" sold for use in its online gambling games are "thing[s] of value" under RCW § 9.46.0285.

30. Defendant's online gambling games are illegal gambling games because they are online games at which players wager things of value (the chips) and by an element of chance (*e.g.*, by spinning an online slot machine) are able to obtain additional entertainment and extend gameplay (by winning additional chips).

31. Defendant is the proprietor for whose benefit the online gambling games are played because it owns the online gambling games and operates those games for its own profit.

32. Plaintiffs and the Class gambled when they purchased chips to wager at Defendant's online gambling games. Plaintiffs and each member of the Class staked money, in the form of chips purchased with money, at Defendant's games of chance (*e.g.*, Defendant's slot

machines) for the chance of winning additional things of value (*e.g.*, chips that extend gameplay without additional charge).

33. In addition, Defendant's online gambling games are not "pinball machine[s] or similar mechanical amusement device[s]" as contemplated by the statute because:

    a. the games are electronic rather than mechanical;

    b. the games confer replays but they are recorded and can be redeemed on separate occasions (*i.e.*, they are not "immediate and unrecorded"); and

    c. the games contain electronic mechanisms that vary the chance of winning free games or the number of free games which may be won (*e.g.*, the games allow for different wager amounts).

34. RCW § 9.46.0285 states that a "'Thing of value,' as used in this chapter, means any money or property, any token, object or article exchangeable for money or property, or any form of credit or promise, directly or indirectly, contemplating transfer of money or property or of any interest therein, or involving extension of a service, entertainment or a privilege of playing at a game or scheme without charge."

35. The "chips" and/or "coins" Plaintiffs and members of the Class had the chance of winning in Defendant's online gambling games are "thing[s] of value" under Washington law because they are credits that involve the extension of entertainment and a privilege of playing a game without charge.

36. Defendant's online gambling games are "Contest[s] of chance," as defined by RCW § 9.46.0225, because they are "contest[s], game[s], gaming scheme[s], or gaming device[s] in which the outcome[s] depend[] in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein." Defendant's online gambling games are programmed to have outcomes that are determined entirely upon chance and a contestant's skill does not affect the outcomes.

37. RCW § 9.46.0201 defines "Amusement game[s]" as games where "The outcome depends in a material degree upon the skill of the contestant," amongst other requirements.

Defendant's online gambling games are not "Amusement game[s]" because their outcomes are dependent entirely upon chance and not upon the skill of the player and because the games are "contest[s] of chance," as defined by RCW § 9.46.0225.

38. As a direct and proximate result of Defendant's gambling game, Plaintiffs and each member of the Class have lost money wagering at Defendant's games of chance. Plaintiffs, on behalf of themselves and the Class, seek an order (1) requiring Defendant to cease the operation of its gambling games; and (2) awarding the recovery of all lost monies, interest, reasonable attorneys' fees, expenses, and costs.

**SECOND CAUSE OF ACTION**
**Violations of the Washington Consumer Protection Act, RCW § 19.86.010, *et seq.***
**(On behalf of Plaintiffs and the Class)**

39. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

40. Washington's Consumer Protection Act, RCW § 19.86.010 *et seq.* ("CPA"), protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

41. To achieve that goal, the CPA prohibits any person from using "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce. . . ." RCW § 19.86.020.

42. The CPA states that "a claimant may establish that the act or practice is injurious to the public interest because it . . . Violates a statute that contains a specific legislative declaration of public interest impact."

43. Defendant has violated RCW § 9.46.010, *et seq.*, because Defendant's online games are illegal online gambling games.

44. Defendant's wrongful conduct occurred in the conduct of trade or commerce—*i.e.*, while Defendant was engaged in the operation of making computer games available to the public.

45. Defendant's acts and practices were and are injurious to the public interest because Defendant, in the course of its business, continuously advertised to and solicited the

general public in Washington State and throughout the United States to play its unlawful online gambling games of chance. This was part of a pattern or generalized course of conduct on the part of Defendant, and many consumers have been adversely affected by Defendant's conduct and the public is at risk.

46. Defendant has profited from its operation of unlawful games of chance, amassing millions of dollars from the losers of its games of chance.

47. As a result of Defendant's conduct, Plaintiffs and the Class members were injured in their business or property—*i.e.*, economic injury—in that they lost money wagering on Defendant's unlawful games of chance.

48. Defendant's unfair or deceptive conduct proximately caused Plaintiffs' and the Class members' injuries because, but for the challenged conduct, Plaintiffs and the Class members would not have lost money wagering at or on Defendant's games of chance, and they did so as a direct, foreseeable, and planned consequence of that conduct.

49. Plaintiffs, on their own behalf and on behalf of the Class, seek to enjoin further violation and recover actual damages and treble damages, together with the costs of suit, including reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**
**Unjust Enrichment**
**(On behalf of Plaintiffs and the Class)**

50. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

51. Plaintiffs and the Class have conferred a benefit upon Defendant in the form of the money Defendant received from them for the purchase of chips to wager at Defendant's online gambling games.

52. Defendant appreciates and/or has knowledge of the benefits conferred upon it by Plaintiffs and the Class.

53. Under principles of equity and good conscience, Defendant should not be permitted to retain the money obtained from Plaintiffs and the members of the Class, which

Defendant has unjustly obtained as a result of its unlawful operation of unlawful online gambling games. As it stands, Defendant has retained millions of dollars in profits generated from its unlawful games of chance and should not be permitted to retain those ill-gotten profits.

54. Accordingly, Plaintiffs and the Class seek full disgorgement and restitution of any money Defendant has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## PRAYER FOR RELIEF

Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that this Court enter an Order:

a) Certifying this case as a Class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel from Edelson PC as Class counsel;

b) Declaring that Defendant's conduct, as set out above, violates the CPA;

c) Entering judgment against Defendant, in the amount of the losses suffered by Plaintiffs and each member of the Class;

d) Enjoining Defendant from continuing the challenged conduct;

e) Awarding damages to Plaintiffs and the Class members in an amount to be determined at trial, including trebling and/or punitive damages as appropriate;

f) Awarding restitution to Plaintiffs and Class members in an amount to be determined at trial, and requiring disgorgement of all benefits that Defendant unjustly received;

g) Awarding reasonable attorney's fees and expenses;

h) Awarding pre- and post-judgment interest, to the extent allowable;

i) Entering judgment for injunctive and/or declaratory relief as necessary to protect the interests of Plaintiffs and the Class; and

j) Awarding such other and further relief as equity and justice require.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**TONDA FERRANDO and DEX MARZANO**, individually and on behalf of all others similarly situated,

Dated: January 24, 2022

By: s/ *Rafey S. Balabanian*
Rafey S. Balabanian*
rbalabanian@edelson.com
By: s/ *Todd Logan*
Todd Logan*
tlogan@edelson.com
By: s/ *Brandt Silver-Korn*
Brandt Silver-Korn*
bsilverkorn@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9495

By: s/ *Jay Edelson*
Jay Edelson*
jedelson@edelson.com
By: s/ *Alexander G. Tievsky*
Alexander G. Tievsky, WSBA #57125
atievsky@edelson.com
By: s/ *Amy B. Hausmann*
Amy B. Hausmann*
abhausmann@edelson.com
EDELSON PC
350 N LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: 312.589.6370 / Fax: 312.589.6378

By: s/ *Cecily C. Jordan*
Cecily C. Jordan, WSBA #50061
cjordan@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Tel: 206.682.560

1 | By: s/ *Simon Franzini*
2 | Simon Franzini*
3 | simon@dovel.com
  | DOVEL & LUNER LLP
4 | 201 Santa Monica Blvd, Suite 600
  | Santa Monica, CA 90401
5 | Tel: 310.656.7077 Fax: 310.656.7069
  | *Pro hac vice forthcoming*
6 | *Attorneys for Plaintiffs and the proposed class*