**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                                                  (206) 370-8810

July 8, 2022

Todd Logan                                               Harold Malkin
Edelson PC                                               Morgan, Lewis & Bockius LLP
150 California Street, 18th Floor                        1301 Second Ave., Suite 2800
San Francisco, CA 94111                                  Seattle, WA 98101

**Delivered Via CM/ECF**

    RE:    *Ferrando v. Zynga Inc.,* C22-0214RSL
               Stipulated Protective Order

Dear Counsel:

On July 7, 2022, the Court received your proposed "Stipulated Protective Order." Dkt. # 29.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient because it is too broad and gives too much discretion to the parties to designate information as "confidential." The order mentions types of information that are likely to be confidential, such as "trade secrets" and "information subject to privacy laws or prohibited from disclosure by

statute." The order also purports to cover exceptionally broad categories of documents, such as "sensitive" financial information and "other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." These materials may or may not have been kept in confidence and may or may not provide a commercial advantage to defendant's competitors if disclosed. The parties' description of "confidential" documents imposes virtually no limit on what corporate documents could be shielded from public view.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

Robert S. Lasnik
United States District Judge