**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| TONDA FERRANDO and DEX MARZANO, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZYNGA INC., a Delaware corporation.<br><br>*Defendant*. | No. 22-cv-214-RSL<br><br>**STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY META PLATFORMS, INC.** |

This agreement is entered into between and among nonparty Meta Platforms, Inc. ("Meta") and the parties to the action captioned above, specifically: Tonda Ferrando and Dex Marzano ("Plaintiffs"), the named plaintiffs in *Ferrando et al. v. Zynga*, No. 22-cv-214-RSL, (the "Action"), and defendant Zynga, Inc. ("Defendant" and collectively with Plaintiffs, the "Parties"). The Parties and Meta anticipate that Meta will produce documents in this action that contain sensitive information that is necessary to provide notice of the Class Action Settlement Agreement to members of the Settlement Class because Defendant does not possess this information. This agreement is intended to supplement the protective order entered by the Court on July 15, 2022 (ECF No. 32) ("Protective Order").

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Meta Platforms, Inc. ("Rider").

## PURPOSES AND LIMITATIONS

Meta Protected Material designated under the terms of this Rider shall be used by the Parties solely for the purpose of providing notice to and verifying and paying the recovery amount owed to each member of the Settlement Class. Meta Protected Material shall not be used directly or indirectly for any other purpose whatsoever.

No Meta Protected Material provided by Meta to the Class Action Administrator under the terms of this Rider may be shared with any of the Parties, unless specifically authorized by this Rider.

It is the intention of Meta and the Parties that this Rider will protect all materials produced by Meta in the Action unless otherwise specified.

## DEFINITIONS

"Class Action Administrator" means JND Legal Administration, acting as class action administrator to effect the Class Action Settlement Agreement entered.

"Class Action Settlement Agreement" means the document filed at ECF No. 24-1 in the Action.

"Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

"Meta Protected Material" means any discovery produced by Meta in the Action.

"Settlement Class" has the meaning provided in the Class Action Settlement Agreement.

**COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

**SCOPE**

The protections conferred by this Rider cover not only the Meta Protected Material governed by this Rider as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel in court or in other settings that might reveal Meta Protected Material.

Nothing in this Rider shall prevent or restrict Meta's own disclosure or use of its own Meta Protected Material for any purpose, and nothing in this Rider shall preclude Meta from showing its Meta Protected Material to an individual who prepared the Meta Protected Material.

**DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs, subject to the Final Disposition clause herein.

**ACCESS TO META PROTECTED MATERIAL**

<u>Basic Principles</u>.  All Meta Protected Material shall be used solely for the purpose of providing notice to and verifying and paying the recovery amount owed to members of the

Settlement Class, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Meta Protected Material shall not be provided, distributed, disclosed, or made available to anyone except as expressly provided in this Rider.

Secure Storage, No Export. Meta Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Rider. To ensure compliance with applicable United States Export Administration Regulations, Meta Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

Legal Advice Based on Meta Protected Material. Nothing in this Rider shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Meta Protected Materials, provided counsel does not disclose the Meta Protected Material itself except as provided in this Rider.

Limitations. Nothing in this Rider shall restrict in any way Meta's use or disclosure of its own Meta Protected Material.

Designation. For the avoidance of doubt, in all circumstances not specifically addressed by this Rider, all Meta Protected Material shall be treated as if designated "CONFIDENTIAL" under the Protective Order regardless of whether the Meta Protected Material has been stamped or marked in accordance with that Order.

**USE OF PROTECTED MATERIAL**

It is Meta's and the Parties' intention that Meta will produce Meta Protected Materials directly to the Class Action Administrator, with no production to any of the Parties.

Unless otherwise ordered by the Court or authorized through the prior written consent of Meta, the Class Action Administrator may disclose Meta Protected Materials only to those members of the Class Action Administrator's staff, or to any copying, clerical or other support services working at the direction of the Class Action Administrator, to whom disclosure is

reasonably necessary in order to provide notice to and/or to verify and pay the recovery amount owed to members of the Settlement Class, provided that each such person to whom disclosure is made must first agree to be bound by the provisions of this Rider by signing a copy of Exhibit A.

Nothing in the foregoing paragraph is intended to restrict the Class Action Administrator from disclosing to a member of the Settlement Class any Meta Protected Material that specifically relates to that individual.

<u>Certain Members of the Settlement Class</u>:  Thirty days prior to the claims deadline, and subject to Meta's prior written consent (such consent not to be unreasonably withheld), the Class Action Administrator shall furnish to Counsel for Plaintiffs the contact information for and Lifetime Spending Amount associated with each Settlement Class Member who (1) has a Lifetime Spending Amount of greater than or equal to $25,000, and (2) has not yet filed a claim.

For the avoidance of doubt, no Settlement Class Member contact information or Lifetime Spending Amounts shall be provided to counsel for Plaintiffs unless counsel for Plaintiffs have been appointed by the Court as Class Counsel.

Any contact information disclosed to counsel for Plaintiffs pursuant to this section shall be used solely for the purpose of providing notice of the Class Action Settlement Agreement to members of the Settlement Class, and counsel for Plaintiffs shall disclose Contact Information only to counsel's staff, or to any copying, clerical or other support services working at the direction of counsel for Plaintiffs, to whom disclosure is reasonably necessary to provide notice to the member.  All Contact Information relating to a member of the Settlement Class shall be destroyed by counsel for Plaintiffs upon confirmation that the member has received actual notice of the Class Action Settlement.

**<u>CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL</u>**

This Rider is intended to provide no mechanism to the Parties through which they can challenge the designation or protected status of Meta Protected Materials.

**SUBPOENAS OR COURT ORDERS**

If at any time Meta Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to Meta and to its counsel and shall provide Meta with an opportunity to move for a protective order regarding the production of Meta Protected Materials implicated by the subpoena.

**FILING PROTECTED MATERIAL**

Absent written permission from Meta or a court Order secured after appropriate notice to all interested persons, the Parties may not file or disclose in the public record any Meta Protected Material.

**INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

In the event of a disclosure of any Meta Protected Material pursuant to this Rider to any person or persons not authorized to receive such disclosure under this Rider, or in any circumstance not authorized under this Rider, the party responsible for having made such disclosure, and each party with knowledge thereof, must immediately notify counsel for Meta (a) in writing, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure does not change the status of Meta Protected Material or waive the right to hold the disclosed document or information as Protected.

**FINAL DISPOSITION**

Not later than ninety (90) days after closure of the Final Disposition of this case, each Party and the Class Action Administrator shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of Meta.

For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

All parties that have received any such Discovery Material, as well as the Class Action Administrator, shall certify in writing that all such materials have been returned to counsel for Meta or destroyed.

### **MISCELLANEOUS**

<u>Termination of Matter and Retention of Jurisdiction</u>. The Parties and Meta agree that the terms of this Rider shall survive and remain in effect after the Final Determination of the Actions. The Court shall retain jurisdiction after Final Determination of the matter to hear and resolve any disputes arising out of this Rider.

<u>Successors</u>.  This Rider shall be binding upon Meta and the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

<u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, or the Court's own orders.  Identification of any individual pursuant to this Rider does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Western District of Washington, or the Court's own orders.

*          *          *

Respectfully submitted,

**Dated**: July 19, 2022                                By: /s/ Todd Logan

Rafey S. Balabanian*
rbalabanian@edelson.com
Todd Logan*
tlogan@edelson.com

Brandt Silver-Korn*
bsilverkorn@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300/Fax: 415.373.9435

By: /s/ Alexander G. Tievsky

Jay Edelson*
jedelson@edelson.com
Alexander G. Tievsky, WSBA #57125
atievsky@edelson.com
Amy B. Hausmann*
abhausmann@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370/Fax: 312.589.6378

By: /s/ Cecily C. Jordan
TOUSLEY BRAIN STEPHENS PLLC
Cecily C. Jordan, WSBA #50061
cjordan@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Tel: 206.682.5600

*Plaintiffs' Attorneys and Class Counsel*

*Admitted *pro hac vice*

**Dated**: July 19, 2022

By: /s/ Timothy Loose

GIBSON, DUNN & CRUTCHER LLP
TIMOTHY LOOSE, SBN 241037
  tloose@gibsondunn.com
ADRIENNE LIU, SBN 331262
  aliu@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Attorneys for Nonparty Meta Platforms, Inc.*

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated this 20th day of July, 2022.

*MW S Lasnik*

_____
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Meta Platforms, Inc. ("Rider") in *Ferrando v. Zynga Inc.*, No. 22-cv-214-RSL, United States District Court, District of Washington, Western District. Having read and understood the terms of the Rider, I agree to be bound by the terms of the Rider and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Rider.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]