# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TONDA FERRANDO and DEX MARZANO, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZYNGA INC., a Delaware corporation,<br><br>*Defendant*. | No. 22-cv-214-RSL<br><br>**ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS** |

WHEREAS, Plaintiffs have submitted authority and evidence supporting Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Awards; and

WHEREAS, the Court, having considered the Motion and being fully advised, finds that good cause exists for entry of the Order below; therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Awards.

2. The Court confirms its appointment of Jay Edelson, Rafey S. Balabanian, Todd Logan, Alexander Tievsky, Brandt Silver-Korn, and Amy Hausmann of Edelson PC as Class Counsel.

**A.   Attorneys' Fees**

3. Class Counsel has requested the Court calculate their award using the percentage-of-the-fund method. Class Counsel requests the Court award 25% of the $12 million common fund as attorneys' fees.

4. These requested attorneys' fees, which reflect the "benchmark" fee award in common fund cases, are fair and reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047, 1052 (9th Cir. 2002). The Court reaches this conclusion after analyzing: (1) the extent to which class counsel achieved exceptional results for the class; (2) whether the case was risky for class counsel; (3) whether counsel's performance generated benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5) the burdens class counsel experienced while litigating the case; (6) and whether the case was handled on a contingency basis. *Id.* at 1048-50; *see also In re Apple Inc. Device Performance Litig.*, No. 21-15758, 2022 WL 4492078, at *8-9 (9th Cir. Sept. 28, 2022) (noting that courts must conduct heightened fairness inquiry and should not defer to recommendations of counsel). In reaching this conclusion, the Court has also taken into account the settlements reached, and fee awards requested, in the *Reed v. Scientific*

*Games*, *Kater v. Churchill Downs*, *Wilson v. Playtika*, and *Wilson v. Huuuge* actions. *See In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 930 (9th Cir. 2020).

5. Class Counsel performed exceptional work and achieved an exceptional result for the Class. Class Members stand to recover substantial portions of their Lifetime Spending Amount on Defendant's Applications.

6. Class Counsel further achieved exceptional non-monetary benefits for the Class. Among other things, Defendant has agreed to meaningful prospective relief for the Class, including maintaining a robust self-exclusion policy within the Applications.

7. This litigation was extremely risky for Class Counsel. Class Counsel worked entirely on contingency, prosecuted a line of several class actions against well-funded corporations, and pursued an entirely novel legal theory: that Defendant's internet-based "social casinos" violated Washington's "Return of Money Lost at Gambling" statute (RCW 4.24.070). Class Counsel also defended the Class's interests before the Washington State Gambling Commission and the Washington State Legislature.

8. The market also supports Class Counsel's fee request given that the mean percentage award of attorneys' fees in class actions in the Ninth Circuit is 24.5% of the common fund, and the mean percentage award in this District is 27%. *See* Declaration of William B. Rubenstein ¶ 14.

9. The Court is not required to conduct a lodestar cross-check, *Farrell v. Bank of Am. Corp.*, *N.A.*, 827 F. App'x 628, 630 (9th Cir. 2020), and declines to do so here. Given the unique circumstances presented by this litigation, the Court concludes that a lodestar cross-check would not be a valuable tool to help assess the reasonableness of Class Counsel's fee request. *See* Declaration of William B. Rubenstein ¶¶ 18-22.

10. The Court grants Class Counsel's request for a fee award of 25% of the common fund, or $3,000,000.

**B.     Costs and Expenses**

11.     In addition to the fee request, Class Counsel requests reimbursement of $22,500 in costs and expenses.

12.     The Court finds these costs and expenses reasonable and appropriate. *See Dennings v. Clearwire Corp.*, No. C10-1859-JLR, 2013 WL 1858797, at *10 (W.D. Wash. May 3, 2013), *aff'd* No. 13-35491 (9th Cir. Sept. 9, 2013). The Court consequently grants Class Counsel's motion for reimbursement of $22,500 in costs and expenses.

**C.     Incentive Awards**

13.     Class Counsel requests incentive awards of $5,000 each for Tonda Ferrando and Dex Marzano.

14.     The requested incentive awards are fair and reasonable. Both Ferrando and Marzano have made substantial contributions to the Class, including stepping forward to serve as class representatives and named Plaintiffs, staying in regular communication with Class Counsel, timely responding to requests for information, and closely reviewing the Settlement Agreement before approving it. Both also made substantial personal sacrifices for the benefit of the Class, including the fact that anyone who Googles their names now sees pages of websites talking about their involving in these lawsuits. $5,000 incentive awards are reasonable for their services. *See In re Apple Inc. Device Performance Litig.*, 2022 WL 4492078, at *13; *McClintic v. Lithia Motors, Inc.*, No. 11-cv-859-RAJ, 2011 WL 13127844, at *6 (W.D. Wash. Oct. 19, 2011); *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, No. 11-md-02295, 2017 WL 10777695, at *3 (S.D. Cal. Jan. 25, 2017).

///
///
///
///
///
///

D.     **Conclusion**

15.    Based on the foregoing findings and analysis, the Court awards Class Counsel $3,000,000 in attorneys' fees; awards Class Counsel costs and expenses in the amount of $22,500; and awards Tonda Ferrando and Dex Marzano incentive awards of $5,000 each.

**IT IS SO ORDERED.**

DATED this 1st day of December, 2022.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge